UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENEE SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br><br>BRODER CREDIT & COLLECTION SERVICE, and JOHN DOES 1-25<br><br>Defendant. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff RENEE SMITH (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant BRODER CREDIT & COLLECTION SERVICE (hereinafter "Defendant") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking

redress for Defendant's actions of using false, deceptive, and misleading representation or means in connection with the collection of an alleged debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant, BRODER CREDIT & COLLECTION SERVICE, is a collection agency with its principal office located at 140 Mountain Avenue, Springfield, NJ 07081.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

> (a) all individuals with addresses in the state of New Jersey (b) to whom Defendant sent a collection letter in an attempt to collect a debt (c) which states that "the

> Attorney is on this date proceeding with immediate Court Action against you which action will, no doubt, result in Judgment, Garnishment of your wages and considerable additionlal costs and accrued interest on your part, (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e.

16. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

17. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-

defined community interest in the litigation:

(a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibits A*, violate 15 U.S.C. §§ 1692e.

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

21. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

22. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

23. Upon information and belief, within the last year the Defendant began a collection campaign against the Plaintiff in an attempt to collect an alleged "debt" as defined by 15 U.S.C. 1692a(5).

24. Sometime prior to February 21, 2017, an obligation was allegedly incurred to Dentistry for Children, PA.

25. The alleged Dentistry for Children obligation arose out of a provision of dental services, which is a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

26. The alleged Dentistry for Children obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. Dentistry for Children is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. Dentistry for Children or the subsequent owner of the Dentistry for Children debt contracted the Defendant to collect the alleged debt.

29. On or about April 03, 2017 the Defendant sent the Plaintiff a collection letter. *See* **Exhibit A.**

30. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

31. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

32. The April 3, 2017 Letter to the Plaintiff stated:

> "Remittance was not received in response to our previous correspondences and therefore the Attorney is on this date proceeding with an immediate court action against you which action will, no doubt, result in Judgment, Garnishee of your wages and considerable additionlal costs and accrued interest on your part. You have no one but yourself to blame for this state of affairs."

33. Upon information and belief, on that date there was no Attorney involved in this matter.

34. Upon information and belief, there was no Attorney who was moving forward with immediate Court Action on that date.

35. Pursuant to the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. Upon information and belief, even if an Attorney was to initiate a court action, it would

6

not automatically result in a judgment, in garnishment of wages, or in additional costs and accrued interest.

37. By falsely representing that a court action will undoubtedly result in judgment and garnishment of wages, the Defendant violated various provisions of the FDCPA and harmed the Plaintiff.

38. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692*e et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

40. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

42. The Defendants violated said section in its letter(s) to the Plaintiff by:
    - Stating that non-remittance of payment will undoubtedly result in wage garnishment against the Plaintiff in violation of 1692e(4);
    - making a false threat that they had no intention of taking in violation of 1692e(5);

- making a false representation or deceptive means to collect a debt in violation of 1692e(10).

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ari Marcus, Esq. and Yitzchak Zelman, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 19, 2017

By: s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Phone:   (732) 695-3282

        Facsimile: (732) 298-6256
        Email: yzelman@marcuszelman.com
        Attorneys for Plaintiff

        By: s/ Ari Marcus
        Ari Marcus, Esq.
        MARCUS ZELMAN, LLC
        1500 Allaire Avenue, Suite 101
        Ocean, New Jersey 07712
        (732) 695-3282 telephone
        (732) 298-6256 facsimile
        ari@marcuslawnj.com
        *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 19, 2017        By: /s/ Yitzchak Zelman
                                            Yitzchak Zelman, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Yitzchak Zelman, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 19, 2017        By: /s/ Yitzchak Zelman
                                            Yitzchak Zelman, Esq.